UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Pamela L. Helsper, | Court File No. 12-0708 (SRN/SER) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

---

Pamela L. Helsper, *pro se*, 320 Cari Park Land, Hastings, Minnesota, 55033.

Ana Voss, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, on behalf of Defendant.

---

**SUSAN RICHARD NELSON**, District Judge.

This matter is before the undersigned United States District Court Judge on the Report and Recommendation ("R & R") of Magistrate Judge Steven E. Rau dated May 30, 2013 [Doc. No. 20]. Defendant Commissioner of Social Security ("the Commissioner") did not object to the R & R [Doc. No. 21], while Plaintiff Pamela L. Helsper ("Helsper"), did object [Doc. No. 22]. The Commissioner filed a Reply in response to Helsper's Objections [Doc. No. 24]. Based on a de novo review of those portions of the R & R to which Helsper objects, the Court adopts the R & R, denies Helsper's Motion for Summary Judgment, and grants the Commissioner's Motion for Summary Judgment.

I.   **BACKGROUND**

The factual and procedural background of this matter is thoroughly detailed in the Magistrate Judge's R & R and is incorporated herein by reference [Doc. No. 20]. Briefly, Helsper filed for both SSDI and SSI benefits on February 13, 2009, due to neck pain, cervical spondylosis, and unspecified myalgia or muscular pain. (R & R at 2). Later in the appeal process, Helsper also alleged disability due to obesity and affective disorder. (Tr. at 20) [Doc. No. 7]. Her disability applications were denied both initially and on reconsideration. (R & R at 2).

Helsper then requested a hearing before an Administrative Law Judge ("ALJ"), Larry Meuwissen, who issued a partially favorable decision on April 29, 2011. (Id. at 3). The ALJ concluded that Helsper was disabled as of December 1, 2010. (Id.). The ALJ therefore granted Helsper's application for SSI benefits. (Id.). The ALJ, however, denied Helsper's application for SSDI benefits because he concluded her SSDI coverage expired on September 30, 2008, and Helsper did not become disabled until over two years after that date. (Id.).

Specifically, the ALJ concluded that, before December 1, 2010, Helsper had a sedentary[1] residual functional capacity ("RFC") with additional prohibitions on reaching, climbing, etc. (Id. at 21). The ALJ found Helsper's subjective complaints regarding her

---

[1] The State Agency Medical Consultant, Anselmo G. Mamaril, provided an opinion in May 2009, that Helsper was capable of a light work RFC. While the ALJ gave significant weight to this opinion in determining Helsper's RFC prior to December 1, 2010, the ALJ nevertheless **reduced** Helsper's exertional capacity to sedentary because "this is generally consistent with the evidence of record taken as a whole," including Helsper's treating physicians'' opinions. (Admin. Tr. at 23).

2

symptoms not credible before that date. (Id.). The ALJ's RFC limited Helsper to only occasional activities with her non-dominant left extremity, but allowed for continuous use of her dominant right extremity. (Id. at 22). After December 1, 2010, the ALJ determined that Helsper continued to have a sedentary RFC, with the same postural, manipulative, and exertional limitations. (Id. at 23). The ALJ, however, added limitations to the post-December 2010 RFC that: (1) the work be no more than entry-level; (2) that it involve no more than routine and repetitive tasks and instructions; and (3) that Helsper would be "unable to perform substantial work-related physical and mental activities in a work setting on a regular and continuing basis, that is, 8 hours a day, 5 days a week, or an equivalent schedule." (Id.). With these additional restrictions the ALJ resolved that after December 2010, there were no jobs in significant numbers in the national economy that Helsper could perform. (Id.).

After the Appeals Council denied Helsper's request for review, she initiated this action on March 21, 2012 [Doc. No. 1]. The parties filed cross-motions for summary judgment [Doc. Nos. 15 and 17]. Helsper seeks review of the portion of the ALJ's decision that concluded she was not disabled prior to December 1, 2010.

## II. DISCUSSION

### A. STANDARD OF REVIEW

This Court conducts a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Summary judgment must be granted, entitling the movant

to judgment as a matter of law, if the movant shows that no genuine disputes of material fact exist. Fed. R. Civ. P. 56.

It is within the power of this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision to deny benefits if it conforms to the law and is "supported by substantial evidence." 42 U.S.C. § 405(g). This standard is defined as "less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993). Thus, if it is possible for this Court "to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings," this Court must uphold those findings. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). In order to assess the substantial nature of the evidence supporting the decision of the ALJ, this Court must consider the record as a whole. Hutsell v. Sullivan, 892 F.2d 747, 748-49 (8th Cir. 1989).

### B. THE ALJ'S OPINION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ's opinion that Helsper was not disabled prior to December 2010 is supported by substantial evidence. Helsper's objections to the R & R argue that pre-December 2010 medical records establish that she suffered from neck pain, degenerative disc disease, and spondylosis, and therefore, she was disabled prior to the expiration of her insured status. ([Pl.'s] R & R Obj., [Doc. No. 22]). Specifically, Helsper argues that

her treating physician Dr. Zhu's opinions in July and August 2008, and agency physician Dr. Mamaril's opinion in May 2009, establish that her cervical disc degeneration and neck pain were severe and disabling before December 2010.  (Id.).

First, the ALJ's opinion acknowledged that Helsper suffered from these "severe impairments" since her alleged onset date of disability on December 9, 2007.  (Id. at 20). The ALJ stated, "[t]he evidence of record includes documentation prepared by appropriate medical sources stating unequivocally that claimant is status post C6-C7 diskectomy and left C5-C6 and C6-C7 foraminotomies with ongoing chronic residual pain, and reactive depression."  (Id. at 20).  The ALJ therefore agreed with Helsper's physicians that these neck impairments were severe impairments.

While there is certainly evidence in the record that Helsper's conditions were disabling prior to December 2010, substantial evidence supports the ALJ's decision that Helsper's impairments did not become disabling until later.  The ALJ provided a detailed and thorough analysis articulating why he concluded Helsper's impairments did not rise to the level of a disability until December 2010.  (Id. at 22-26).  The ALJ assessed Helsper's pre-December 2010 limitations and primarily relied on the opinion of agency consultant Dr. Mamaril.  (Id. at 23).  Nevertheless, the ALJ decreased the exertional limitations offered by Dr. Mamaril.  The ALJ based this reduction on: (1) treating source opinions, including Dr. Zhu's July 2008 records; and (2) Helsper's adult function report completed in March 2009.  (Id.).  Thus, the ALJ properly evaluated Helsper's physicians' opinions and in fact, relied on Dr. Zhu's 2008 opinions regarding Helsper's exertional capacities in deviating from and reducing the RFC advocated by Dr. Mamaril.

Additionally, the ALJ properly applied the factors enunciated in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), to assess the credibility of Helsper's subjective complaints of pain. Id.; see also 20 C.F.R. § 404.1529; Brown v. Chater, 87 F.3d 963, 965 (8th Cir. 1996). An ALJ may discount subjective complaints if they are inconsistent with the evidence as a whole. Casey v. Astrue, 503 F.3d 687, 695 (8th Cir. 2007) (citing Polaski, 739 F.2d at 1322). Where an ALJ seriously considers, but for good reasons explicitly discredits a plaintiff's subjective complaints, the court will not disturb the ALJ's credibility determination. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003); Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001). The ALJ concluded that Helsper's impairments could be expected to cause the alleged symptoms prior to December 2010, but that her statements regarding the intensity, persistence, and limiting effects of these symptoms were not credible because they were not consistent with the record as a whole, including the RFC assessment provided by Dr. Mamaril in May 2009. The ALJ noted the significant medical evidence in the record supporting his assessment. (Id.). Further, the ALJ observed that the adult function report completed by Helsper in March 2009, in which she reported doing light household work, walking, and shopping, was inconsistent with the alleged severity of Helsper's subjective complaints. (Id.). The ALJ applied the same analysis to the records after December 2010, but then determined that Helsper's impairments rose to the level of disability after that time because Helsper's updated subjective complaints were consistent with: (1) the objective medical evidence; (2) Helsper's December 2010 daily activity reports; and (3) the consultative examiner reports in December 2010 and January 2011. (Id. at 24-25). The ALJ's

6

analysis and conclusions regarding the medical records and Helsper's complaints of pain are supported by substantial evidence.

Finally, Helsper argues that she "did not decide to discontinue physical therapy and work on her own but at the direction of Dr. Schock." (R & R Obj. at 2). A plaintiff's failure to follow a doctor's recommended course of treatment may be held against the plaintiff because it is not suggestive of disabling pain. Winstrom v. Halter, 168 F. Supp. 2d 1032, 1037 (D. Minn. 2001) (citing Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988)). The ALJ, however, did not cite Helsper's failure to continue physical therapy as a basis for rejecting Helsper's subjective complaints of pain. (Tr. at 22-23). Therefore, whether Helsper discontinued therapy on her own or at the suggestion of D. Schock is not relevant to the ALJ's decision.[2]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court adopts the R & R;

2. Plaintiff's Motion for Summary Judgment [Doc. No. 15] is **DENIED**; and

3. Defendant's Motion for Summary Judgment [Doc. No. 17] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 30, 2013                            s/Susan Richard Nelson
                                                                SUSAN RICHARD NELSON
                                                                United States District Judge

---

[2] Whether Helsper visited the hospital in June 2008 for a migraine versus a headache is likewise irrelevant to whether the ALJ's opinion that Helsper did not meet the definition of disability until December 2010 is supported by substantial evidence.